**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4635

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY LUJAN AIKEN, a/k/a Jeremy Lajuan Aiken,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-04-92)

Submitted: January 11, 2006      Decided: February 6, 2006

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Eric J. Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Kurt W. Meyers, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeremy Lujan Aiken pled guilty to one count of aiding and abetting the possession with intent to distribute more than fifty grams of cocaine base and one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 2, 922(g)(1); 21 U.S.C. § 841(a)(1) (2000), and was sentenced to 224 months' imprisonment. Aiken appeals his sentence, alleging ineffective assistance of counsel and claiming his sentence was unreasonable under United States v. Booker, 543 U.S. 220 (2005). For the reasons explained below, we affirm the sentence.

Aiken, who was a career offender, was assigned a base offense level of thirty-seven. See U.S. Sentencing Guidelines Manual § 4B1.1 (2004). The district court applied a three-level adjustment for acceptance of responsibility, thereby giving Aiken an adjusted offense level of thirty-four. Aiken was assessed sixteen criminal history points, which placed him in criminal history category VI. The resulting advisory guideline range was 262 to 327 months.

Both Aiken and his counsel objected to the Presentence Investigation Report; however, the district court overruled their objections. The Government moved for a two-level reduction under USSG § 5K1.1. The district court granted the Government's motion and adjusted Aiken's offense level to thirty-two, thereby making the final guideline range 210 to 262 months. The findings in the

presence report, as amended, were adopted and the court sentenced Aiken to imprisonment for 224 months on Count One and imposed a concurrent sentence of 120 months on Count Two.

On appeal, Aiken's counsel raises the following issues: (1) whether trial defense counsel was ineffective for failing to note that Aiken was "subject to an undischarged term of imprisonment"; and (2) whether the district court's "fail[ure] to consider [Aiken's] sentencing argument in any context other than the mandatory guideline scheme" violated Aiken's right to a "reasonable sentence" under Booker. In response, the Government argued the record did not establish that trial defense counsel provided ineffective assistance. Further, the Government asserted Aiken waived the right to challenge his sentence under the terms of his plea agreement.

Aiken first contends he received ineffective assistance of counsel. An ineffective assistance of counsel claim is generally not cognizable on direct appeal, but should instead be asserted in a post-conviction petition under 28 U.S.C. § 2255 (2000). See, e.g., United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). However, we have recognized an exception to the general rule when "it 'conclusively appears' from the record that defense counsel did not provide effective representation." Id. (citation omitted).

Aiken specifically alleges his counsel was ineffective for "fail[ing] to object to any mention of the [undischarged] State sentence in an effort to mitigate such a lengthy sentence as [Aiken] looked likely to receive." He bases this assertion on § 5G1.3, which provides that in "cases involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c). Aiken, however, fails to establish how such an objection would have changed the proceedings. As acknowledged in his brief on appeal, "[i]t is apparent from the record that everyone was aware that [he], at the time of sentencing, was subject to an undischarged term of imprisonment." Furthermore, § 5G1.3 leaves it to the court's discretion to determine what sentence should be imposed. For these reasons, it is not apparent from the face of the record that Aiken's counsel was ineffective and Aiken's claim is therefore not cognizable on appeal.

Next, Aiken seeks to challenge his sentence as "unreasonable" under Booker. The Government argues this issue is precluded by the appeal waiver in Aiken's plea agreement. Though Aiken argues he could not "waiv[e] a right that did not exist at the time of his waiver," he fails to address this court's decision in United States v. Blick, 408 F.3d 162 (4th Cir. 2005). In Blick,

we determined that so long as a defendant has effectively waived his right to appeal, and the issue the defendant seeks to appeal is within the scope of such waiver, the terms of the agreement will be enforced. See id. at 168-72. Furthermore, we explicitly rejected the argument now advanced by Aiken. See id. at 170 ("We also reject Blick's contention that he could not have knowingly waived his rights under Booker . . . because that case had not been decided when he entered into the plea agreement.").

Aiken does not allege that the plea agreement was entered into involuntarily or without an understanding of its consequences. The language of the agreement is clear and unambiguous. Aiken explicitly agreed to waive all rights under both Apprendi and Blakely. He agreed to be sentenced in accordance with the guidelines and acknowledged that the maximum sentence was governed by the United States Code. Furthermore, as noted by the district court, the terms of the plea agreement were favorable to Aiken as several charges were dismissed "[a]nd rather than facing a life sentence . . . he face[d] only a 210- to 262-month window for sentencing under the Guidelines." Therefore, we conclude the appeal waiver is both valid and enforceable. Additionally, Aiken's challenge to the reasonableness of his sentence clearly falls within the scope of the waiver and, as such, the terms of the agreement will be enforced.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>